# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| SHARON STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09cv0569 TCM |
| | ) | |
| WILLIAM MAYBERRY, | ) | |
| J.B. HUNT TRANSPORT, INC., | ) | |
| and GREGORY WILKERSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This personal injury action is before the Court[1] on the motion of Plaintiff, Sharon

Stewart, to remand her case to state court. [Doc. 14] The issues before the Court are

whether the notice of removal was timely filed and whether all Defendants timely consented

to that removal.

## Background

Plaintiff filed suit in October 2007 in the Twenty-Second Judicial Circuit Court for

the State of Missouri against William Mayberry ("Mayberry"), J.B. Hunt Transport, Inc.

("J.B. Hunt"), and Gregory Wilkerson ("Wilkerson"), alleging that she had been severely

injured when the car in which she was riding and which was driven by Wilkerson was struck

by a vehicle negligently driven by Mayberry while in the employ of J.B. Hunt (Count I) and

that Wilkerson had also been negligent (Count II). J.B. Hunt was served within one month

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of
the parties. See 28 U.S.C. § 636(c).

in Jefferson City, Missouri. Mayberry was served in Springdale, Arkansas, in October 2008. (See Doc. 1 at 24-25.) Wilkerson was served in Chicago, Illinois, on August 6, 2008. (Id. at 40-42.)

In the petition,[2] Wilkerson's address was listed as 5050 Potomac Street, St. Louis, Missouri. No citizenship or residency information was cited or alleged in the petition.

On October 20, 2008, Wilkerson's counsel served his answers to Plaintiff's interrogatories on counsel for all parties. (See Pl.'s Ex. 2.) Wilkerson's address was listed as 6714 South Kamensky Avenue, Chicago, Illinois. (Id.) On January 2, 2009, Wilkerson's counsel served interrogatory answers to J.B. Hunt's interrogatories on counsel for all parties, listing the same Chicago address as given earlier. (See Pl.'s Ex. 3.) Plaintiff took Wilkerson's deposition on March 31, 2009. He then testified that he had originally moved to Illinois to care for his mother, but has since decided to remain in Illinois. (Wilkerson Dep. at 42-43.) He further testified that when served, he was living in Chicago and had changed his residency to the Chicago address. (Id. at 43.)

On April 13, Mayberry removed this action to federal court. In his Notice of Removal, Mayberry states that Hunt and Wilkerson consent to the removal. (Notice ¶ 10.) Mayberry and J.B. Hunt are represented by the same counsel. Wilkerson is represented by different counsel.

---

[2]Under Missouri state court rules, an initial pleading is referred to as a petition.

The next day, J.B. Hunt filed its Disclosure of Corporate Interests Certificate. On April 29, a joint scheduling plan was filed and signed by counsel for all parties. On May 26, after the motion to remand and the response thereto were filed, Wilkerson filed a written consent to federal jurisdiction, alleging that he had earlier consented by submitting a joint scheduling plan and participating in the "Federal Court action" and that he was filing the written consent in case there was "any ambiguity" as to his consent.

## Discussion

Timeliness of Removal. It is well established that if, as in the instant case, federal jurisdiction is invoked pursuant to the removal statute, 28 U.S.C. § 1441, any doubts about the propriety of that removal are to be resolved in favor of remand. **Transit Cas. Co. v. Certain Underwriters at Lloyd's of London**, 119 F.3d 619, 625 (8th Cir. 1997); **In re Business Men's Assurance Co. of America**, 992 F.2d 181, 183 (8th Cir. 1993) (per curiam). The party that removed the case to federal court "bears the burden of establishing jurisdiction by the preponderance of evidence." **Altimore v. Mt. Mercy College**, 420 F.3d 763, 768 (8th Cir. 2005) (citing Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990)). Similarly, "[t]he party opposing remand has the burden of establishing federal subject matter jurisdiction." **Green v. Ameritrade, Inc.**, 279 F.3d 590, 596 (8th Cir. 2002). See also **Williams v. Safeco Ins. Co. of America**, 74 F. Supp.2d 925, 928 (W.D. Mo. 1999) ("The removal statute is to be narrowly construed, and any doubt about the propriety of removal is resolved in favor of state court jurisdiction."). Moreover, it is "familiar law" that the right of removal is statutory

and its contours are defined by Congress.  **Great Northern Ry. Co. v. Alexander**, 246 U.S. 276, 280 (1918).  One of those contours is defined by 28 U.S.C. § 1446(b), which provides, in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

"It is now well settled that the statutory time limit for removal petitions is not jurisdictional but is merely a formal and modal requirement for transferring to the federal court a civil action . . . of which the court would have had original jurisdiction." **St. Louis Home Insulators v. Burroughs Corp.**, 597 F. Supp. 98, 99 (E.D. Mo. 1984). "Nevertheless, the time limit is mandatory and a timely objection to a late petition for removal will result in remand." **Id.**  Plaintiff argues that the time limit began to run in August 2008 when she filed, and Mayberry received, the proof of service on Wilkerson at his Illinois address. Additionally, even had Mayberry been confused about the petition describing Wilkerson as a Missouri resident and service on him in Illinois, Wilkerson's October 2008 and January 2009 answers to interrogatories also listing an Illinois address would have confirmed the diversity of citizenship and started the thirty-day time period running.

In cases such as the instant one where the initial pleading is not removable, § 144(b)(6) provides for the thirty-day time period to run from a defendant's receipt of "a

copy of . . . an order or other paper from which it may first be ascertained that the case is one which is or has become removable." "Typically, this reference to an order involves a change in the pending suit . . . ." **Haag v. Webster**, 434 F. Supp.2d 732, 734 (W.D. Mo. 2006). "Therefore, . . . the Court must determine at what point [Mayberry] could have intelligently ascertained that the action was removable though reasonable scrutiny of the pleadings and facts of the action as it developed in state court." **Naef v. Masonite Corp.**, 923 F. Supp. 1504, 1512 (S.D. Ala. 1996).

In this case, the allegation in the initial pleading of a Missouri residence was followed by service at an Illinois resident and two interrogatory answers, under oath, listing an Illinois address. Neither is followed by any indication, until the March 2009 deposition of Wilkerson by Plaintiff, of an inquiry by Mayberry into the discrepancy in addresses. At his deposition, Wilkerson explained that he had moved from Missouri to Illinois with the intention of remaining there indefinitely to care for his mother. Although he did not originally plan on changing his permanent residency to Illinois, he later changed his mind.

The state court complaint in **Bankston v. Illinois Nat'l Ins. Co.**, 443 F. Supp.2d 1380 (M.D. Fla. 2006), failed to allege the citizenship of the plaintiff. The court noted, however that the defendant possessed numerous documents, including an offer of settlement, an incident report, a collision report and medical records, suggesting that there was diversity of citizenship. **Id.** at 1382. The court held that a reasonable inquiry would have revealed this

diversity of citizenship; consequently, the notice of removal – filed within thirty days after plaintiff responded to a request for admission and eight months after the complaint was filed – was untimely.  **Id.**  Similarly, in  **McHugh v. Physicians Health Plan of Greater St. Louis, Inc.**, 953 F. Supp. 296, 300 (E.D. Mo. 1997), a case was remanded to state court after the court determined that the defendant should have more timely pursued "clues" establishing federal jurisdiction.

Mayberry had a clue in August 2008, another in October 2008, and a third in January 2009 that Wilkerson might be an Illinois resident.  He failed to pursue these clues, however, and did no investigation until taking Wilkerson's deposition on behalf of Plaintiff in March 2009.  The Court finds this delay in inquiry was not a reasonable response to the conflicting evidence of Mayberry's residence.

Mayberry argues, however, that the first indication he had of Wilkerson's Illinois *citzenship*, as opposed to a mere Illinois address, was at his deposition.

"For purposes of diversity jurisdiction, the term 'domiciled' and 'citizenship' are synonymous."  **Yeldell v. Tutt**, 913 F.2d 533, 537 (8th Cir. 1990).  To establish domicile, a party must be (1) physically present in the state, and (2) intend to make his or her home there indefinitely.  **Altimore v. Mt. Mercy College**, 420 F.3d 763, 768 (8th Cir. 2005) (citing Yeldell, 913 F.2d at 537).  "Intention to remain there permanently, however, is not necessary."  **Yeldell**, 913 F.2d at 537.  "Once an individual has established his domicile, he remains domiciled there until he legally acquires a new domicile."  **Id.**

Wilkerson moved to Illinois with the intent of remaining there indefinitely, but not permanently, to care for his mother. He later changed his mind and made Illinois his permanent residence. Mayberry could have discovered this change of domicile/citizenship earlier had he made a reasonable inquiry, for instance, a request for admission, after learning of the change in Wilkerson's address.

For the foregoing reasons, the Court finds that the Notice of Removal was untimely filed.

<u>Consent to Removal by all Parties.</u> Plaintiff argues alternatively that her case must be remanded because all Defendants did not timely consent to its removal.

Section 1446(b) requires that all defendants must consent to the removal to federal court of a case filed in state court. **Pritchett v. Cottrell**, 512 F.3d 1057, 1062 (8th Cir. 2008); <u>accord</u> **Wisconsin Dep't of Corrs. v. Schacht**, 524 U.S. 381, 393 (1998). This unanimity requirement does not mean that each defendant need sign the notice of removal; however, "[t]here must . . . be some timely filed written indication from each served defendant, or from some person with authority to act on the defendant's behalf, indicating that the defendant has actually consented to the removal." **Id.** (internal quotations omitted). <u>See</u> <u>also</u> **Byrd v. Auto-Owners, Inc., Co.**, 2008 W.L. 5071105, *2 (E.D. Mo. Nov. 24, 2008) ("Each defendant must officially and unambiguously consent to a removal petition filed by another defendant within thirty (30) days of service.") (internal quotations omitted);

**Amteco Inc. v. BWAY Corp.**, 241 F. Supp.2d 1028, 1032 (E.D. Mo. 2003) ("[T]he consent must be explicit and must be made of record to the court within the thirty-day time limit.").

Mayberry states in his Notice of Removal that it is with the consent of Wilkerson and J.B. Hunt. An assertion by a removing defendant that he had the consent of all other defendants to the removal is insufficient. **Byrd**, 2008 W.L. 5071105 at *4.

Nor is the filing by all parties of the joint scheduling plan within thirty days of removal the equivalent of the required consent of all defendants to removal. As noted in **Amteco, Inc.**, 241 F. Supp.2d at 1032, the consent must be explicit and on the record to the Court. No such consent exists in this case.

### Conclusion

Citing diversity of citizenship, William Mayberry removed this case to state court. The removal is too late, as was the consent of another defendant. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [Doc. 14] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this action to the Twenty-Second Judicial Circuit Court of Missouri from which it was removed.

/s/Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of June , 2009.